Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-166-KSF

IESA RAHMAN                                                                                      PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

JEFFERSON COUNTY METRO CORRECTIONS, et al.                         DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Iesa Rahman, a/k/a Donnell Flippins, an individual currently in the Woodford County Detention Center, has initiated a *pro se* prisoner civil rights action, pursuant to 42 U.S.C. § 1983. After the Court issued an Order about certain insufficiencies in his original submissions, he has now responded on several of these matters. With regard to the District Court filing fee, he submitted a Motion to Proceed *in forma pauperis*, which the Court earlier granted by a separate Order.

With regard to his Complaint, an original one-page submission of Plaintiff's and a later-filed formal Complaint form [Record Nos. 1, 6] are construed together to be Rahman's Complaint. It is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

CLAIMS

Plaintiff complains of the conditions of his confinement at three different county detention centers. He specifically claims that Kentucky Revised Statute ("KRS") 532.120(3) has been violated; unspecified violations have resulted in hardships; and mail fraud was committed.

DEFENDANTS

As the Defendants, the Plaintiff has named the three county detention centers [also referred to as "jails"] and persons working at each jail: (1) Jefferson County Metro Corrections and that facility's (2) Ms. Boyd, a case worker; and (3) Mr. English, also a case worker; (4) the Grant County Detention Center and that facility's (5) Deputy Oaks; (6) Deputy Bailey; (7) Jailer Steve Kellam; (8) Sgt.or Ms. MacIntosh; (9) Sgt Hale or Hail; (10) Sgt. Scroggins; (11) Deputy Couch; and (12) the Woodford County Detention Center and its (13) Sgt. Tamera Renolds; and (14) Jailer Gary Gilkerson. Capacity is not mentioned.

RELIEF REQUESTED

Plaintiff seeks damages and injunctive relief.

ALLEGATIONS

The following is a summary or construction of the factual allegations contained in the Plaintiff's construed Complaint [Record Nos. 2, 6].

Plaintiff states that from October 12, 2006 to June 14, 2007, he was in the Jefferson County Jail, where personnel diverted his mail and returned some to the sender. He claims that this is important because he was corresponding with someone in the Kentucky Department of Corrections for 22 months' credit which he has not yet obtained. He purportedly gave grievances about the mail personally to Defendants Boyd and English, but the grievances would "vanish" and these personnel

would deny that they received them.

Rahman was next at the Grant County Jail, serving a State sentence, from June 14, 2007 until February of 2008. He states that after he arrived and informed authorities that he is of the Islamic faith, Defendant Scroggins told him that he would receive the special Muslim diet and would be allowed to participate in Islamic services. However, Plaintiff contends, he and the other Muslims were denied religious services the next day, and he continued to be denied these services for the rest of his stay at the Jail. Further, his religious materials and his wedding ring were taken. Defendants Couch and Hale or Hail told him that he would get the ring back but he has not received it to date.

Additional complaints about the Grant County facility are that Plaintiff spent 37 days "in the hole," without a charge being leveled. Defendant Deputy Oaks and a non-defendant named Oakley purportedly "physically and verbally harassed" him. At some point, another Defendant Deputy, named Bailey, also "began harassing me" and took out a gun as if to threaten him. One day, another inmate warned Rahman not to eat his food because Oaks had spit in it.

Plaintiff also complains about money which was taken out of his Grant County Jail inmate account, purportedly for his medication. He alleges that the Jail's policy dictated that the Jail could take only 20% of everything; but the authorities there took an excessive amount, $41 out of his $50 balance. As to making complaints to jail authorities about the conditions there, Rahman states that staff told him that he could write and submit a grievance on plain paper, but when he did so, the grievances were not returned; "at other times they would take writing tools from me."

The Plaintiff states that he is now in the Woodford County Jail. He lists a host of problems there, again primarily problems with delivery of his mail, and he accuses Defendant Renolds of holding his mail unnecessarily. At this Jail, he writes, "I have filed grievances on this and other

3

departmental violations – most of which have mysteriously disappeared."

As relief, Plaintiff seeks damages, "complete jail time credit," and a review of the Woodford County Jail Defendants, Renolds and Gilkerson, "for professional responsibility. And to be protected against retaliation."

## DISCUSSION

To establish a right to relief under 42 U.S.C. § 1983, the Plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of his federal rights, *i.e.*, rights secured by the Constitution or laws of the United States. Second, he must show that the Defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Plaintiff Rahman, however, has failed to allege even the first of these requirements. He does not refer to the U.S. Constitution or a federal statute. He references only fraud; a Kentucky statute; case law from other circuits and two old Supreme Court cases, one from 1909. The cited cases do not establish a cause of action. Fraud is not a federal matter. The State statute, KRS § 532.120, is titled "*Calculation of terms of imprisonment,*" and in cited subsection (3), it provides that time which an inmate spent in custody prior to commencement of a state sentence shall be credited toward that sentence. This is part of the Kentucky Penal Code, not a wellspring for federal rights.

Further, Rahman paints with too broad a brush. He makes broad statements, rather than stating who did what and when and how he was damaged. A sampling from the Plaintiff's initial pleading shows this flaw. After complaining of mail problems at all three jails, he presents the next allegations in passive voice so that the location and/or actor are not identifiable:

4

> My life has been threatened, my food has been spit in, I have been placed in solitary confinement for bogus investigations due to my attempts to contact outside assistance agencies. I have had my property illegally serched [sic].

Record No. 2. In his latest pleading, Rahman continues to write in this manner, as in describing "grievances . . . which have mysteriously disappeared."

In short, the instant Plaintiff has set forth neither the factual nor federal law basis of his claim in a manner that gives the Defendants proper notice of their purported illegal actions and does not require either the Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)). Conclusory statements are insufficient under Section 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Even under the most liberal construction of this *pro se* Plaintiff's allegations, this Court construing the allegations of interference with a prisoner's mail as attempting to present a First Amendment claim, Plaintiff still fails to state a claim. Plaintiff's complaints are truly more about a delay rather than a denial. The United States Court of Appeals for the Sixth Circuit has specifically held that a prisoner-plaintiff complaining of delayed mail "is not entitled to relief because there is no constitutional right to speedy delivery of the mail." *Jacobs v. Metcalfe*, 33 F.3d 54, 1994 WL

421740 (6th Cir. 1994) (Table, unpublished opinion). *See also Armstrong v. Lane*, 771 F. Supp. 943, 948 (C.D. Ill. 1991) (unintentional losses and delays of plaintiff's mail, "while understandably frustrating . . . fail to rise to the level of a constitutional violation.").

It would always be more convenient to receive one's mail as immediately as possible; however, convenience is not a right of constitutional magnitude. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985); *see also Ishaaq v. Compton*, 900 F. Supp. 935, 941 (W.D. Tenn. 1995) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 . . . (1981) (any inconvenience an inmate experiences, even while exercising important First Amendment rights, is merely "part of the penalty that criminal offenders pay for their offenses against society")).

Nor has the instant Plaintiff alleged any injury flowing from any Defendant's purported interference with his mail. "A plaintiff's standing must be premised upon more than hypothetical speculation and conjecture that harm will occur in the future." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1973); *see also Haskell v. Washington Township*, 864 F.2d 1266, 1275-76 (6th Cir. 1988). A speculative claim of injury lacks standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-110 (1983).

Yet the Plaintiff herein does not contend that these mail difficulties at all 3 jails have injured him in any pursuit. At most, he has alleged that he suffered interference with his correspondence about prior custody credits. Yet he does not allege that he was or will be denied the credits because of any Defendant's actions with his mail. Any injury from mail interference is, at this point, speculative.

Moreover, before a state prisoner can come to federal court about the computation of his sentence, including prior custody credits, he must first challenge the computation in a Kentucky

court. Kentucky law provides for such a challenge. *See Polsgrove v. Kentucky Bureau of Corrections*, 559 S.W.2d 736 (Ky. 1977); *see also Eldridge v. Howard*, 427 S.W.2d 579 (1966); *O'Dea v. Clark*, 883 S.W.2d 888 (Ky. App. 1994) (discretionary rev. denied 1994). Plaintiff does not allege that he has even started an action in a Kentucky court, much less exhausted the state court remedies, so as to bring the matter to the federal court.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, for Rahman's failure to state a claim, and Judgment shall be entered contemporaneously with this memorandum opinion in favor of the Defendants.

This 23rd day of May, 2008.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**